# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| THE CORNELIA I. CROWELL GST TRUST, On Behalf of Itself and All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>PEMSTAR, INC., ALLEN BERNING, ROY BAUER and GREGORY LEA<br>*Defendants.* | **Case No. 05--CV-01182-JMR-FLN**<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE AND SCHEDULING HEARING DATE** |

Whereas, the Court has received the Stipulation of Settlement (the "Settlement Stipulation") that has been entered into by the Lead Plaintiff and the Defendants, and, whereas, the Court has reviewed the Settlement Stipulation and its attached exhibits, and, good cause appearing,

IT IS HEREBY ORDERED as follows:

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Stipulation.

2.      The Court hereby preliminarily approves the Settlement as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing.

3.      Subject to the terms of the Settlement Stipulation and direction of the Court, Schatz Nobel Izard, PC is hereby approved and authorized to act as Escrow Agent and the firm of FRG Information Systems Corp., is hereby appointed as Claims Administrator to supervise and administer the Notice procedure as well as the proving of claims.

4.      The Claims Administrator shall send to all Members of the Settlement Class who can be identified, by first class mail, postage prepaid, the proposed form of Notice attached

hereto as Exhibit A-1 (the "Notice") and the Proof of Claim and Release attached hereto as Exhibit A-3 (the "Proof of Claim and Release"), no later than fourteen (14) business days from the date of this Order (the "Notice Date").  Defendants are ordered to provide reasonable assistance, to the extent permitted by law, to enable the Claims Administrator to identify Settlement Class Members, including providing names and addresses of all Persons that purchased PEMSTAR Inc. Shares during the Settlement Class Period, to the extent that such information is in Defendants' possession, custody or control, or could be obtained through reasonable efforts.

5.      Within ten (10) calendar days after receiving the Notice, any person who purchased any PEMSTAR Shares during the Settlement Class Period as nominee for a beneficial owner (including, but not limited to, brokers who purchase shares on behalf of clients) must provide a list of the names and addresses of such Persons to the Claims Administrator.  The Claims Administrator must send copies of the Notice to all such persons by first class mail, postage prepaid, no later than ten (10) days after receiving the information from the nominal owner.

6.      No later than seven business days following the Notice Date, a summary form of notice in the form attached hereto as Exhibit A-2 (the "Summary Notice"), shall be published in the *The Wall Street Journal* and on *Business Wire*.

7.      Plaintiff's Counsel and the Claims Administrator shall establish a website (the "Website") at www.pemstarsettlement.com, which shall include, at a minimum, the following:

     a.      A copy of the Notice;

     b.      A copy of the Settlement Agreement and all exhibits;

     c.      A copy of all documents filed in support of the Settlement;

d.     A copy of this Order;

e.     Instructions for how to object to the Settlement, the Plan of Allocation, the

       Requests for Fees and/or Expenses;

f.     Instructions for how to request to be excluded from the Settlement Class;

g.     Instructions for how to participate in the Settlement;

h.     Fillable forms which can be submitted to the Claims Administrator

       electronically, for objecting, requesting exclusion from the Settlement Class,

       or participating in the Settlement; and

i.     A copy of the operative Complaint, the Answer, the briefs and the decision

       with respect to Defendants' Motion to Dismiss.

8.     The Court finds, for purposes of the Settlement only, that the prerequisites to a

class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof

is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the

claims of the Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent;

(d) the Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class;

(e) the questions of law and fact common to the Members of the Settlement Class predominate

over any questions affecting only individual members of the Settlement Class; and (f) a class

action is superior to other available methods for the fair and efficient adjudication of the

controversy.  Accordingly, pursuant to Federal Rule of Civil Procedure 23, and for purposes of

the Settlement only, (i) this action is hereby certified as a class action on behalf of all Persons

who purchased publicly traded PEMSTAR Inc. Shares from January 30, 2003, through and

including January 12, 2005, exclusive of Defendants, members of Defendants' immediate

families, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded Person; and (ii) the Lead Plaintiff is certified as class representative.

9.      A Settlement Hearing will be held before the undersigned on **August 1, 2007, at 9:00 a.m. in Courtroom #15E, U.S. Courthouse, 300 S. 4th Street, Minneapolis, MN**, to determine (i) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and the Litigation therefore dismissed on the merits with prejudice and (ii) whether the Fee and Expense Application and the Lead Plaintiff Expense Application should be approved. The Court may adjourn or continue the Settlement Hearing without further notice to Settlement Class Members.  Plaintiff's Counsel shall make arrangements for Class Members who wish to appear at the hearing by teleconference or video conference to do so.

10.      No less than seven (7) days before the date scheduled by this Court for the Settlement Hearing, Lead Counsel shall cause to be filed with the Clerk of the Court affidavits or declarations of the Person(s) under whose general direction the (i) mailing of the Notice and Proof of Claim and Release shall have been made and (ii) the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this order.

11.      Any Member of the Settlement Class who wishes to be excluded from the Settlement Class must submit a Request for Exclusion no later than the close of business on the day before the Settlement Hearing, either in writing or electronically on fillable forms on the Website, in accordance with the Notice.  All Persons who submit Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or the Judgment.

The Claims Administrator shall provide copies of any and all Requests for Exclusion to Plaintiff's Counsel and Defendants' counsel.

12.     Any Settlement Class Member who has not submitted a Request for Exclusion may appear at the Settlement Hearing (either in person or by teleconference or video conference) and be heard in opposition to the fairness, reasonableness, and adequacy of the Settlement or the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application and the Lead Plaintiff Expense Application.  Settlement Class Members may also file written objections by no later than the close of business on day before the Settlement Hearing, as set forth in the Notice.  Settlement Class Members may submit objections electronically through fillable forms on the Website by no later than the close of business on day before the Settlement Hearing, as set forth in the Notice.  Plaintiff's Counsel shall submit all objections received through the Website to the Court at the Settlement Hearing.  Any Person who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objection and shall be forever barred from raising such objection in this or any other action or proceeding.

13.     Pending the Settlement Hearing, Settlement Class Members are enjoined from bringing or asserting any claim or action that was or could have been asserted in the Litigation or arose out of the Released Claims.

14.     Any Member of the Settlement Class who has not submitted a Request for Exclusion and who wishes to share in the proceeds of the Settlement shall submit a duly executed Proof of Claim and Release to the Claims Administrator, either in writing or electronically, through the Website, in accordance with the Notice, no later than one hundred twenty days after the Notice Date.  Unless otherwise ordered by this Court, any Settlement Class Member who fails to submit a timely Proof of Claim and Release shall be barred from sharing in

the distribution of the Net Settlement Fund, but will nevertheless be bound by the release contained therein, the Judgment, and any and all judgments or settlements in the Litigation entered or approved by the Court, whether favorable or unfavorable to the Settlement Class.

15.     The Parties are hereby directed to file their briefs in support of the Settlement no later than seven (7) days before the Settlement Hearing.  Plaintiff's Counsel shall file any papers they wish to submit in support of the Fee and Expense Application and Lead Plaintiff Expense Application no later than seven (7) days before the Settlement Hearing.

Signed this 5th day of June, 2007.

BY THE COURT

s/ JAMES M. ROSENBAUM
Honorable James M. Rosenbaum
Chief Judge
United States District Court for the District
 of Minnesota

**[EXHIBIT A-1]**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| THE CORNELIA I. CROWELL GST TRUST, On Behalf of Itself and All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>PEMSTAR, INC., ALLEN BERNING, ROY BAUER and GREGORY LEA<br><br>*Defendants.* | **Case No. 05--CV-01182-JMR-FLN**<br><br>**NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING** |

### NOTICE OF PENDENCY OF PROPOSED SETTLEMENT
### OF CLASS ACTION AND SETTLEMENT HEARING

**TO:   ALL PERSONS WHO PURCHASED SHARES OF PEMSTAR, INC. STOCK FROM JANUARY 30, 2003, THROUGH AND INCLUDING JANUARY 12, 2005**

**THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS CONCERNING A PROPOSED CLASS ACTION SETTLEMENT**

The Class Action litigation (the "Litigation") was filed by the Plaintiff on behalf of itself and all others who purchased publicly-traded shares of PEMSTAR, Inc. common stock ("Shares") from January 30, 2003 to January 12, 2005, inclusive.  Plaintiff claims that Defendants violated federal securities laws.  Defendants have denied, and continue to deny, any wrongdoing, and argue that they are not liable to Plaintiff for any damages.  The parties have now reached a proposed settlement ("Settlement"), the terms of which are summarized below.

### SETTLEMENT SUMMARY

**STATEMENT OF CLASS RECOVERY**

The Settlement creates a fund in the amount of $2,875,000 in cash (the "Settlement Fund").  After payment of any Court-awarded attorney's fees and expenses, the Settlement Fund will be distributed to all eligible members of the class ("Settlement Class Members") on the basis of a formula described in the Plan of Allocation below.  Based on Plaintiff's Counsel's estimate of the number of Shares affected, the average recovery per Share before deduction of any Court-awarded attorneys' fees and expenses would be approximately $0.13, depending on,

among other things, the number of valid claims submitted by Settlement Class Members, the actual prices paid for Shares, and when such Shares were purchased and sold.

Before entering into of the Settlement, Plaintiff's Counsel engaged in extensive analysis of the reasonableness of the Settlement, including: (1) consultation with experts on issues concerning the damages that may have been suffered by Plaintiff and the Settlement Class; (2) consultation with witnesses and potential witnesses concerning the allegations in the Complaint; (3) analysis of analyst reports, newspaper articles, public filings, press releases, and other public statements by and about PEMSTAR; (4) research of the applicable law with respect to the claims asserted against Defendants, and the potential defenses thereto; and (5) review and analysis of internal PEMSTAR documents produced by Defendants to Lead Counsel.

Plaintiff's Counsel has carefully evaluated the benefits of the Settlement against the risk that the Settlement Class would not be successful at trial, and the certainty of very long delays before receiving any recovery from a trial.  Depending on the method used to calculate damages – an issue the parties dispute – the amount of the Settlement represents between 17 percent and 48 percent of what the Settlement Class could recover if the case went to trial and Plaintiff fully prevailed on all counts.  Since there is a significant possibility that Plaintiff would not prevail on all counts, and might not prevail on any, Plaintiff's Counsel believes that the Settlement is in the best interests of the Settlement Class.

NOTE:  The Court has not decided whether the parties' claims or defenses have merit, or whether the Settlement is in the best interests of the Settlement Class.

## ATTORNEYS' FEES AND COSTS SOUGHT

Plaintiff's Counsel intends to apply to the Court for an award of attorneys' fees not to exceed 33 1/3 percent of the Settlement Fund, in addition to expert fees and other costs and expenses not to exceed $60,000.  Plaintiff's Counsel also intends to apply for reimbursement of reasonable expenses (including lost wages) directly relating to the Lead Plaintiff's representation of the Settlement Class.  If the amounts requested by Plaintiff's Counsel for fees, costs and expenses are approved by the Court, the average cost per share for these amounts will be approximately 4.4 cents.

## PLAN OF ALLOCATION

After fees and expenses have been paid, the balance of the Settlement (the "Net Settlement Fund") will be distributed to all Settlement Class Members who submit a valid, timely Proof of Claim and Release ("Authorized Claimants").  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to his or her "Recognized Loss" as described below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall receive a pro rata share.  For example, if the amount of the Net Settlement Fund is half the total amount of all claims that are filed, each Authorized Claimant will recover half of his or her Recognized Loss.

You cannot recover more from the Settlement than you actually lost, as measured by comparing your purchases of Shares from January 30, 2003 to January 12, 2005 (the "Settlement Class Period"), to your sales of Shares on a first-in, first-out basis.  If you still held the Shares on May 23, 2005, your "sales price" will be deemed to be $1.39 (regardless of whether you ever sold the Shares, or if you subsequently sold them for more or less than $1.39 per share).

Your "Recognized Loss" is the amount of your actual loss that can be traced to the declines in the price of PEMSTAR shares following disclosures that Plaintiff claimed to be related to Defendants' alleged misconduct – disclosures that took place on June 25, 2004, November 4, 2004, and January 12, 2005.

For Shares ***purchased on or after January 30, 2003 but before June 25, 2004***, and

    a.  sold before June 25, 2004, there is *no* Recognized Loss;

    b.  sold on or after June 25, 2004, but before November 4, 2004, the Recognized Loss per share is the lesser of (i) $ 0.27, or (ii) the difference between the purchase price and the sales price.

    c.  sold on or after November 4, 2004, but before January 13, 2005, the Recognized Loss per share is the lesser of (i) $ 0.59, or (ii) the difference between the purchase price and the sales price.

    d.  held as of the close of trading on January 12, 2005, the Recognized Loss per share is the lesser of (i) $ 0.86, or (ii) the difference between the purchase price and the sales price (with the "sales price" deemed to be $1.39 if you did not sell on or before May 23, 2005).

For Shares ***purchased on or after June 25, 2004 but before November 4, 2004***, and

    a.  Sold before November 4, 2004, there is *no* Recognized Loss.

    b.  Sold on or after November 4, 2004 but before January 13, 2005, the Recognized Loss per share is the lesser of (i) $ 0.32, or (ii) the difference between the purchase price and the sales price.

    c.  held as of the close of trading on January 12, 2005, the Recognized loss per share is the lesser of (i) $ 0.59, or (ii) the difference between the purchase price and the sales price (with the "sales price" deemed to be $1.39 if you did not sell on or before May 23, 2005).

For Shares ***purchased on or after November 4, 2004 but before the close of trading on January 12, 2005,*** and

    a.  Sold before the close of trading on January 12, 2005, there is *no* Recognized Loss;

    b.  Held as of the close of trading on January 12, 2005, the Recognized Loss per share is the lesser of (i) $0.27, or (ii) the difference between the purchase price and the sales price (with the "sales price" deemed to be $1.39 if you did not sell on or before May 23, 2005).

**DISMISSAL AND RELEASE**

If the proposed Settlement is approved, the Court will enter a Judgment (the "Judgment"), dismissing all Released Claims against the Released Persons (as defined in the Proof of Claim and Release which accompanies this Notice), and Settlement Class Members may not thereafter assert any of such claims against the Released Persons. The Judgment will provide that the fact of the Settlement or the terms thereof may not be used against Released Persons in any action or proceeding, except to enforce the Judgment. The Judgment will also provide that all Settlement Class Members who do not validly and timely request to be excluded from the Settlement Class shall be deemed to have released and forever discharged all Released Claims against all Released Persons.

**CONDITIONS FOR SETTLEMENT**

The Settlement is conditioned upon, among other things: (1) entry of the Judgment by the Court as provided for in the Settlement Stipulation, and (2) expiration of the time to appeal from the Judgment. If any one of the conditions described in the Settlement Stipulation is not met, the Settlement Stipulation might be terminated and, if terminated, will become null and void, and shall not prejudice the rights, claims, defenses or positions of any Party thereto.

**IDENTIFICATION OF PLAINTIFF'S ATTORNEY**

Persons who have questions concerning the Settlement may contact Plaintiff's attorney, Jeffrey S. Nobel of Schatz Nobel Izard, P.C., 20 Church Street, Suite 1700, Hartford, CT 06103. Mr. Nobel may be reached at (860) 493-6292, or toll-free at (800) 797-5499. His e-mail address is jnobel@snlaw.net. Additional information concerning the settlement is also available at www.pemstarsettlement.com.

<u>**WHO ARE MEMBERS OF THE SETTLEMENT CLASS?**</u>

The Court has preliminarily certified a "Settlement Class" – those persons whose rights may be affected by this Settlement. The Settlement Class is composed of all persons who purchased the publicly-traded common stock of PEMSTAR, Inc. during the Settlement Class Period, except for the defendants, members of the defendants' immediate families (spouses and children), any entity in which any defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person.

<u>**OPTIONS AVAILABLE TO SETTLEMENT CLASS MEMBERS**</u>

**OBJECTING TO THE SETTLEMENT**

Any Settlement Class Member may object to any aspect of the settlement of the Litigation, the Plan of Allocation, the Fee and Expense Application, or the Lead Plaintiff's Expense Application, and present his or her objections to the Court, which ultimately will decide whether to approve or disapprove the Settlement.

The Honorable James M. Rosenbaum, Chief Judge of the United States District Court for the District of Minnesota, will hold a hearing concerning the Settlement in Courtroom 15E, 300 South Fourth Street, Minneapolis, Minnesota 55415, on **August 1, 2007**, at 9:00 a.m. (the "Settlement Hearing") to determine (i) whether the proposed settlement should be approved as fair, reasonable and adequate and in the best interests of the Settlement Class; (ii) whether the Plan of Allocation should be approved; (iii) whether a final judgment should be entered dismissing the litigation with prejudice as required by the Settlement; and (iv) whether the Lead Plaintiff's application for expenses should be approved; and (v) whether Plaintiff's Counsel's application for an award of attorneys' fees, expert' fees, costs and expenses should be approved.

At the Settlement Hearing, any Settlement Class Member may object to the Settlement, Plan of Allocation, and/or fee or expense awards.  There are several ways to present objections:

a.  *In Writing:*  Settlement Class Members may file a written Notice of Objection with the Court.  The Notice of Objection must demonstrate the objecting Person's membership in the Settlement Class, and contain a statement of the reasons for objection.  Such written objections should be **filed with** and **received by** the Clerk of the Court, United States District Court for the District of Minnesota, Room 202, 300 South Fourth Street, Minneapolis, MN 55415, by no later than the close of business on **July 31, 2007** (the day before the Settlement Hearing).  Copies of such materials should also be sent to and received by the following counsel, either in writing or electronically, **on or before the same date:**

| | |
|---|---|
| Jeffrey S. Nobel | Peter W. Carter, Esq. |
| SCHATZ NOBEL IZARD P.C. | DORSEY & WHITNEY LLP |
| 20 Church Street, Suite 1700 | 50 South Sixth Street, Ste. 1500 |
| Hartford, CT 06103 | Minneapolis, MN 55402-1498 |
| jnobel@snlaw.net | carter.peter@dorsey.com |

b.  *Electronically:*  Settlement Class Members may fill out a Notice of Objection form at  www.pemstarsettlement.com.  Such Notices shall be filed and submitted by no later than the close of business on **July 31, 2007** (the day before the Settlement Hearing).

c.  *In Person:*  Settlement Class Members may attend the Settlement Hearing either in person, by conference call or by video conference.  To participate by conference call, dial [       ] toll-free on the date and at the time of the Settlement Hearing, and, when prompted, enter the following confirmation number: [      ].  To participate by video conference, you must contact AT&T Video Conferencing at 1-866-843-3606 at least **five days** prior to the Settlement Hearing and provide technical information about your video conferencing equipment by completing a site registration form, available from AT&T or at www.pemstarsettlement.com.  The confirmation number for the video conference is [     ].  Persons participating in the Settlement Hearing by either teleconference or video conference will be able to observe the entire proceeding, and there will be an opportunity for video- and conference-call participants to give the Judge comments.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

You may, if you so desire, request to be excluded from the Settlement Class.  Any person who requests to be excluded shall have no rights under the Settlement Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment.

To exclude yourself from the Settlement Class, you must notify the Claims Administrator, either electronically or in writing.  To notify the Claims Administrator electronically, use the fillable form available at www.pemstarsettlement.com, and submit it, according to the instructions on the website.

To notify the Claims Administrator in writing, mail a written request to:

PEMSTAR Inc. Securities Litigation
Claims Administrator
c/o FRG Information Systems Corp.
P.O. Box 460, Peck Slip Station
New York, NY 10272

The request for exclusion must state:  (1) your name, address, and telephone number; (2) the name and address of the Person (or nominee) in whose name the PEMSTAR Shares were registered; (3) your purchases and sales of PEMSTAR Shares made during the Settlement Class Period, including the dates, amounts of Shares and price for each such purchase or sale; and (4) that you wish to be excluded from the Settlement Class.

Your written exclusion request must be postmarked, or your electronic exclusion request must be submitted, on or before **July 31, 2007.**

**PLEASE NOTE:**  If you want to participate in the Settlement and do not intend to pursue your own action against the Defendants, you should not request to be excluded from the Settlement Class.  If you do intend to pursue your own action against the Defendants, you should consult your attorney promptly because the applicable statutes of limitations may bar your claims.

## PARTICIPATING IN THE SETTLEMENT

If you are a "Settlement Class Member" and you have not requested to be excluded from the Settlement Class, you will be entitled to participate in the distribution of the Net Settlement fund.  You will also be bound by any judgment entered in the Litigation pursuant to the Settlement Stipulation, whether or not you file a Proof of Claim and Release or receive a distribution from the Net Settlement Fund.  All Settlement Class Members will be represented by Counsel for the Plaintiff, but you may appear at the Settlement Hearing individually or through your own counsel at your own expense if you wish to do so.

**TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY AND VALIDLY COMPLETE AND RETURN A PROOF OF CLAIM AND RELEASE FORM.**  The Proof of Claim and Release Form must be delivered to the Claims Administrator.  Unless the Court orders otherwise, if you

6

do not timely submit a valid Proof of Claim and Release Form, you will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the Settlement and the Judgment.

The Proof of Claim and Release Form is attached to this Notice, and is also available as a fillable form for electronic submission at www.pemstarsettlement.com.  The Proof of Claim and Release Form must be post-marked (if sent by mail), or submitted electronically, by no later than **October 23, 2007.**  NOTE:  Copies of supporting documents must be submitted with your Proof of Claim and Release Form.  Please follow all instructions to ensure that your filing is complete.  The instructions are included with the attached Proof of Claim and Release Form, and are available at www.pemstarsettlement.com.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased any PEMSTAR Shares during the Settlement Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must provide a list of the names and addresses of such Persons to the Claims Administrator:

PEMSTAR, Inc. Securities Litigation
Claims Administrator
c/o FRG Information Systems Corp.
P.O. Box 460, Peck Slip Station
New York, NY 10272

## EXAMINATION OF PAPERS

This Notice is a summary notice and does not describe all of the details of the Settlement Stipulation.  For full details of the matters discussed in this Notice, you may desire to review the documents that were filed with the Court in support of the Settlement.  The documents may be inspected at the office of the Clerk of the United States District Court, District of Minnesota, 202 U.S. Courthouse, 300 S. 4th Street, Minneapolis, MN, during business hours, and are also available at www.pemstarsettlement.com.  If you have any questions about the settlement of the Litigation, you may contact Counsel for the Plaintiff or your own personal attorney.

INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT OR TO THE CLERK OF THE COURT.

Dated: _____, 2007

By Order of the United States District Court,
District of Minnesota

7

**[EXHIBIT A-2]**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| THE CORNELIA I. CROWELL GST TRUST, On Behalf of Itself and All Others Similarly Situated, | **Case No. 05--CV-01182-JMR-FLN** |
| *Plaintiff,* | **SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING** |
| *v.* | |
| PEMSTAR, INC., ALLEN BERNING, ROY BAUER and GREGORY LEA | |
| *Defendants.* | |

**TO:    ALL PERSONS WHO PURCHASED PUBLICLY-TRADED SHARES OF PEMSTAR, INC. COMMON STOCK FROM JANUARY 30, 2003, THROUGH AND INCLUDING JANUARY 12, 2005**

If you purchased publicly-traded shares of PEMSTAR, Inc. common stock ("Shares") during the period from January 30, 2003, through and including January 12, 2005, your rights may be affected by a proposed settlement and release of claims ("Settlement") reached by the parties in this class action litigation.

You are hereby notified, pursuant to Court Order, that a hearing will be held on **August 1, 2007, at 9:00 a.m**., before the Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota, Courtroom #15E,  300 S. 4th Street, Minneapolis, MN,  to determine (1) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (2) whether the proposed Plan of Allocation is fair, reasonable, and adequate; (3) whether the application of counsel for the Settlement Class ("Lead Counsel") for an award of attorneys' fees, costs and expenses (the "Fee and Expense Application") and the Lead Plaintiff's application for reasonable costs and expenses (the "Lead Plaintiff Expense

Application") should be approved; and (4) whether claims of the Members of the Settlement

Class against the Defendants should be dismissed on the merits and with prejudice, as set forth in

the Stipulation of Settlement (the "Settlement Stipulation"), filed with the Court.

If you are a member of the Settlement Class and have not yet received the Notice, you

may obtain a copy by writing to:

PEMSTAR, Inc. Securities Litigation
c/o FRG Information Systems Corp.
P.O. Box 460, Peck Slip Station
New York, New York 10272
(800)556-9955

The notice may also be viewed online at www.pemstarsettlement.com, together with the

Settlement Stipulation and all documents filed with the Court in support of the Settlement.  For

further information, you may also contact Plaintiff's Counsel, Jeffrey S. Nobel of Schatz Nobel

Izard, P.C., 20 Church Street, Suite 1700, Hartford, CT 06103, Tel. (860) 493-6292,

jnobel@snlaw.net.

To share in the distribution of the Settlement Fund, Members of the Settlement Class

must establish their rights and submit the Proof of Claim and Release form accompanying the

Notice on or before **October 23, 2007**.  If you desire to be excluded from the Settlement Class,

you must submit a request for exclusion by **July 31, 2007**, as explained in the Notice.  Members

of the Settlement Class may object to the Settlement, the Fee and Expense Application, or the

Lead Plaintiff Expense Application, either in writing before the Settlement Hearing, or in person

at the Settlement Hearing itself.  Settlement Class members may attend the Settlement Hearing in

person, or by conference call or video conference.  Further instructions are in the Notice, and are

at www.pemstarsettlement.com.

PLEASE DO NOT TELEPHONE THE COURT.

Dated: _____, 2007

By Order of the United States District Court,
District of Minnesota

**[EXHIBIT A-3]**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| *THE CORNELIA I. CROWELL GST TRUST, On Behalf of Itself and All Others Similarly Situated,* | ) ) ) | *Case No. 05--CV-01182-JMR-FLN* |
| *Plaintiff,* | ) | |
| *v.* | ) ) | |
| *PEMSTAR, INC., ALLEN BERNING, ROY BAUER and GREGORY LEA,* | ) ) ) | |
| *Defendants.* | | |

## PROOF OF CLAIM AND RELEASE

**TO:   IF YOU PURCHASED THE PUBLICLY TRADED COMMON STOCK (THE "SHARES") OF PEMSTAR, INC. FROM JANUARY 30, 2003, THROUGH AND INCLUDING JANUARY 12, 2005, YOU MAY WISH TO FILE THIS PROOF OF CLAIM AND RELEASE FOR ANY POTENTIAL RECOVERY.**

### GENERAL INSTRUCTIONS

1.      In order to receive any payments to which you may be entitled as a member of the Class in the consolidated action entitled *In re PEMSTAR, Inc. Securities Litigation,* Civil Action No. 05-CV-01182-JMR-FLN (the "Litigation"), you must complete and sign as Proof of Claim and Release (the "Proof of Claim and Release"). If you fail to submit a Proof of Claim and Release, your claim may be rejected, and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement in the Litigation.

3.      YOU MUST SUBMIT YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE TO THE CLAIMS ADMINISTRATOR.  You may do you so by mail or electronically.  **Note,** however, that you must still provide supporting documentation, either in PDF format or by mail, if you elect to file electronically.  Forms submitted by mail should be sent to:

PEMSTAR, Inc. Securities Litigation
Claims Administrator
c/o FRG Information Systems Corp.
P.O. Box 460, Peck Slip Station
New York, NY 10272

Proof of Claim and Release Forms, together with all supporting documents, must be post-marked (if submitted by mail) or submitted electronically, by no later than **October 23, 2007.**

4.     If you are a member of the Settlement Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

5.     If you are NOT a member of the Settlement Class (as defined in the enclosed Notice), DO NOT submit a Proof of Claim and Release.

## CLAIM FORM

1.     If you purchased the Shares and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased the Shares and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.     Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser and, if different, each purchaser of record, of Shares which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE SHARES UPON WHICH THIS CLAIM IS BASED.

3.     All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this form on behalf of Persons represented by them and documentation establishing their authority must accompany this claim and their titles and capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.     Use Part II, Sections A, B and C of this form entitled "Schedule of Transactions in PEMSTAR Shares" to supply all required details of your transaction(s) in the Shares.  On the schedules, provide all of the requested information with respect to (i) the number of PEMSTAR Shares you owned as of the close of business on January 29, 2003; (ii) *all* of your purchases of PEMSTAR Shares which took place from January 30, 2003, through January 12, 2005, inclusive (the "Settlement Class Period"); (iii) *all* of your sales of PEMSTAR Shares which took place between January 30, 2003 and May 23, 2005, regardless of whether such transactions resulted in a profit or loss; and (iv) the number of PEMSTAR Shares you owned after the close of business on May 23, 2005.  Failure to report all such transactions may result in the rejection of your claim.

5.     List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

6.     Brokerage commissions and transfer taxes paid by you in connection with your purchase and sale of PEMSTAR Shares should be excluded in computing the "purchase price per share" and the "sales price per share."

7.     Brokers' confirmations or other documentation of your transactions in PEMSTAR Shares should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

*In re PEMSTAR, Inc. Securities Litigation*
Civil Action No. 05-CV-01182-JMR-FLN

## PROOF OF CLAIM AND RELEASE

| **MUST BE POSTMARKED NO LATER THAN: OCTOBER 23, 2007** |
| --- |

Please Type or Print

**PART I:       CLAIMANT IDENTIFICATION**

_____          _____
Beneficial Owner's Name                              Joint Beneficial Owner's Name
(First, Middle Initial, Last)                            (First, Middle Initial, Last)

_____
Street Address

_____
City                                              State                      Zip Code

_____          _____
Foreign Province                                   Foreign Country

_____          _____ Corporation/Other _____
Individual
Social Security Number or Tax Identification Number

(_____)_____     (_____)_____          _____
Area Code Tel. No. (work)    Area Code Tel. No. (home)          E-mail address

_____
Record Owner's Name (if different from beneficial owner listed above)

**PART II:      SCHEDULE OF TRANSACTIONS IN PEMSTAR SHARES**

A.  NUMBER OF PEMSTAR SHARES OWNED AS OF CLOSE OF BUSINESS ON JANUARY 29, 2003: _____ (must be documented)*

B.  PURCHASES OF PEMSTAR SHARES (JANUARY 30, 2003, through JANUARY 12, 2005, inclusive):

| Trade Date(s) Month/Day/Year | Number of Shares Purchased | Purchase Price Per Share (excluding commissions, transfer taxes or other fees) | Proof of Purchase Enclosed? Yes/No* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

C.  SALES OF PEMSTAR SHARES (JANUARY 30, 2003, through MAY 23, 2005, inclusive):

| Trade Date(s) Month/Day/Year | Number of Shares Sold | Sale Price Per Share (excluding commissions, transfer taxes or other fees) | Proof of Sale Enclosed? Yes/No* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

D. Number of PEMSTAR Shares held at the close of trading on MAY 23, 2005: _____ (must be documented).*

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**\*IMPORTANT: FAILURE TO PROVIDE SUPPORTING DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM AND PREVENT YOU FROM RECEIVING ANY DISTRIBUTION UNDER THE SETTLEMENT.**

**YOU MUST READ AND SIGN RELEASE ON PAGE 4**

## SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I also submit to the jurisdiction of the United States District Court, District of Minnesota, with respect to my claim as a Settlement Class Member and for purposes of enforcing the release set forth herein and any judgment that may be entered in the Litigation.  I agree to furnish additional information to Lead Counsel to support this claim if required to do so. I have not submitted any other claim covering the same purchases or sales of PEMSTAR Shares during the Settlement Class Period and know of no other Person having done so on my behalf.

## DEFINITIONS

8.      "Defendants" means PEMSTAR, Inc., Allen Berning, Roy Bauer and Gregory Lea.

9.      "Related Parties" means each of the Defendants and their current, prior, and subsequent parents, affiliates, subsidiaries, predecessors, officers, directors, employees, agents, insurers, attorneys, successors, assigns, creditors, administrators, heirs, immediate family members, and legal representatives.

10.      "Released Claims" means all claims, known or unknown (including "Unknown Claims"), arising under the laws, regulations, or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction that were, could have been, or might have been asserted in the Litigation in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, any action or omission or failure to act which was alleged or could have been alleged in the Litigation.

11.      "Released Persons" means the Defendants and their respective Related Parties.

5.      "Shares" means the common stock issued by PEMSTAR Inc.

## RELEASE

A.      I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge each and all of the Released Persons from any and all Released Claims.

**B.      With respect to any and all Released Claims, I expressly waive any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including, without limitation, Section 1542 of the California Civil Code, which provides:**

**A general release does not extend to the claims which the creditor does not know or suspect exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

**I expressly have waived any and all provisions, rights and benefits conferred by any law or any state or territory of the United States or any foreign country, or any principle of common law,**

**which is similar, comparable or equivalent in substance or intent to Section 1542 of the California Civil Code.**

C.     This Release shall be of no force and effect unless and until the Court approves the Stipulation of Settlement (the "Settlement Stipulation") and the Settlement Stipulation becomes effective as to all Released Persons as of the Effective Date (as defined in the Settlement Stipulation).

D.     I hereby warrant and represent that I have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this Release or any other part or portion thereof.

E.     I hereby warrant and represent that I have included information about all of my transactions in PEMSTAR Shares with regard to (i) the number of PEMSTAR Shares owned by me as of January 29, 2003; (ii) all of my purchases of PEMSTAR Shares which took place from January 30, 2003; through January 12, 2005, inclusive (the "Settlement Class Period"); (iii) all of my sales of PEMSTAR Shares which took place from January 30, 2003, through May 23, 2005, inclusive; and (iv) the number of PEMSTAR Shares I owned as of the close of trading on May 23, 2005.

F.     I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the word "NOT" in the Certification above.

I hereby certify under penalty of perjury under the laws of the United States of America that

the foregoing information supplied by the undersigned is true and correct and that this Proof of

Claim and Release form was executed this _____ day of _____

                                                                                                          *(Month)(Year)*

in _____.

        *(City, State, Country)*

_____

*(Signature of Claimant)*

_____

*(Type or print your name here)*

_____

*(Signature of Joint Claimant, if any)*

_____

*(Type or print your name here)*

_____

*(Capacity of persons signing, e.g., Beneficial Purchaser, Executor or Administrator)*

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

### **Reminder Checklist**

1. Please sign the above release and declaration.
2. Remember to attach supporting documentation.
3. Do not send original or copies of stock certificates.
4. Keep a copy of your claim form for your records.
5. If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
6. If you move, please send us your new address.
7. If you have any questions concerning this Proof of Claim, contact the Claims Administrator at:

PEMSTAR, Inc. Securities Litigation
c/o FRG Information Systems Corp.
P.O. Box 460, Peck Slip Station
New York, New York 10272
(800)556-9955